FILED 19 AUG '11 11:24 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL REEDY,                                                   11-CV-588-AC

           Plaintiff,                                         OPINION AND
                                                                           ORDER
   v.

CITY OF AURORA,

           Defendant.

ACOSTA, Magistrate Judge

     In this employment case plaintiff alleges defendant terminated his employment as chief of police after his September 14, 2010, testimony at a civil proceeding. Plaintiff contends his testimony angered one or more of defendant's representatives and that defendant responded by wrongfully terminating his employment on September 23, 2010.

     On August 3, 2011, the parties filed a stipulated motion for *in camera* inspection of minutes from defendant's city council executive session. (Docket No. 12.) Defendant objects to producing the minutes based on the public records disclosure exemptions contained in ORS 192.650(2) and .660(2), and on the attorney-client privilege. Plaintiff argues the minutes are not protected from disclosure under either theory: the public records exemption does not apply to

Page 1 - OPINION AND ORDER

discovery in lawsuits, and defendant has not established that the attorney-client privilege applies to the particular minutes at issue.

The parties submitted an audio CD for the court's review. The CD contains a single audio excerpt in two different audio formats. The excerpt contains what appears to be a complete audio transcript of the defendant's city council executive session convened September 21, 2010. The excerpt is 5 minutes and 39 seconds in length. The court has carefully listened to the audio CD multiple times and finds that nothing contained in the audio excerpt is protected from disclosure in this case.

First, the executive session exception under ORS 192.660, upon which defendant relies, does not apply here, because at no time during the session is the employment of any employee, including plaintiff, ever discussed. ORS 192.660(2)(a) provides for an executive session by a public body to "consider the employment of a public officer, employee, staff member or individual agent." The only reference in the audio excerpt to any employment-related topic is the mayor's reference to "Resolution 612," which resolution would delegate to the mayor "employment authority" to be exercised subject to the city council's review. Thus, the statutory exemption does not support defendant's position that disclosure is prohibited, because the city council never discussed the employment of a public employee.

Further, and as plaintiff observes, the public disclosure exemption contained in the statute does not control whether exempted documents are discoverable in lawsuits. ORS 192.650(2) states in relevant part: "If the disclosure of certain material is inconsistent with the purpose for which a meeting under ORS 192.660 is authorized to be held, that material may be excluded from disclosure. However, excluded materials are authorized to be examined privately by a court in any legal action and the court shall determine their admissibility." No employment

Page 2 - OPINION AND ORDER

matter was discussed in the executive session, which means disclosure of the executive session could not be inconsistent with the purpose of the meeting. Thus, there is no tension between the purpose of the meeting and disclosure. For this additional reason, defendant's reliance on the statute is misplaced.

Second, the attorney-client privilege does not apply because at no time during the executive session is there any advice given by a lawyer about a pending or imminent lawsuit. Further, at no time does any person present at the executive session identify himself or herself as an attorney, nor is litigation or legal strategy ever discussed. Thus, defendant cannot withhold the executive session minutes under the attorney-client privilege. Nor can defendant prevent disclosure using ORS 192.660(2), which provides that a public body may go into executive session "to consult with counsel concerning the legal rights and duties of a public body with regard to current litigation or litigation likely to be filed." Again, no discussion with legal counsel ever occurred in the executive session. Thus, neither the attorney-client privilege nor the statute are a basis for withholding disclosure of the executive session minutes.

Accordingly, the court hereby ORDERS defendant to produce to plaintiff the minutes of the September 21, 2011, City of Aurora City Council Executive Session, and to produce those minutes within seven (7) days of the date of this order.

IT IS SO ORDERED.

DATED this 18th day of August, 2011.

JOHN V. ACOSTA
United States Magistrate Judge

Page 3 - OPINION AND ORDER